JOSÉ CINTRÓN TORRES, Plaintiff and Appellee, *v.* METRO TAXICABS and THE TRAVELERS INSURANCE CO., Defendants and Appellants.

No. 10317. Argued February 1, 1951.—Decided February 21, 1951.

*José López Baralt* and *R. Rodríguez Lebrón* for appellants. *A. Figueroa Rivera* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In an action for damages brought by José Cintrón Torres against Metro Taxicabs, Inc., and The Travelers Insurance Company the lower court, after a hearing on the merits, rendered judgment ordering the defendants to pay to the plaintiff the sum of $1,500 for damages suffered by the latter's vehicle and $210 for the loss of use of the vehicle plus costs and $150 for attorney's fees. After a reconsideration

was sought, the court eliminated the item of attorney's fees and dismissed the motion in all its other particulars.

The defendants allege on appeal that the lower court erred (1) in awarding $1,500 as compensation for damages suffered by plaintiff's vehicle and to grant at the same time $210 for the loss of use of the said car and (2) in ordering codefendant The Travelers Insurance Co. to pay the entire judgment together with the other defendant Metro Taxicabs, Inc. In our opinion, as we shall see, both errors were committed.

■ In the opinion which served as basis for its judgment the lower court made the following "Findings of Facts":

"1. The limit of liability assumed by the insurer, The Travelers Indemnity Company (sic), is only up to the sum of $1,000, according to the policy issued in favor of codefendant Metro Taxicabs, Inc.

"2. Plaintiff's vehicle involved in this accident, is a two-door Packard Sedan, Model 1941, which was originally purchased on February 5 by Ramón Magriñá from whom plaintiff later purchased it in 1946, and hence at the time of the accident it had seven years of use.[1]

"3. Prior to the date of the accident involved in this case, plaintiff's vehicle suffered two accidents, one on December 19, 1946, for which plaintiff received compensation of $280.72 and another on July 26, 1947, for which plaintiff received $232.95 as compensation.

". . . . . . .

"5. *The value of plaintiff's automobile shortly before the accident on February 11, 1948, was not over $1,500.* It was likewise appraised by plaintiff on September 4, 1947, under oath, at the Hanover Fire Insurance Company, by reason of a claim under a policy of collision, . . . . .

". . . . . .

"7. *In the accident of February 11, 1948 plaintiff's automobile suffered damages in the chassis or frame, which called for tinning repairs and painting. The vehicle suffered no mechanical damages.*

---

[1] The accident involved in this case occurred February 11, 1948.

"8. From the day of the accident until the day of trial, plaintiff's automobile has remained outdoors without being repaired in a garage.

"9. Few days after the accident, Benjamín Acosta, Loss Adjuster, in representation of the defendants, verbally and in writing offered to pay plaintiff the total amount of his automobile, which offer was rejected by the plaintiff. Likewise, he was offered another automobile in the same condition and of the same value, which offer was also rejected by the plaintiff.-

".           .           .           .           .           .           .           .

"A witness for the plaintiff testified that he had made a schedule to repair plaintiff's car and in tinning and painting only it cost from $800 to $1,000 and $400 for the purchase of a bumper, grill, etc. After examining Exhibits A, 1 A, 1 B and 1 C of plaintiff, we reach the conclusion that the schedule is excessive . . . *If the repairs had been made to the car* (it was never repaired) *the reasonable time to make them would have been three weeks.*

".           .           .           .           .           .           .           .

"We do not see how plaintiff can claim $1,700 as depreciation on account of the collision alleged in the complaint, in an automobile which has been in use for seven years and has had two collisions prior to this accident, . . ." (Italics ours.)

The opinion of the lower court also contains the following "Conclusions of Law":

"For the foregoing reasons the court believes that $1,500 is a reasonable amount for compensation for the damages

---

[2] In the record there is this letter, marked Exhibit F, which literally copied reads thus:

"March 5, 1948.

"Attorney Enrique Cornier Martínez
Box 2859
San Juan, Puerto Rico
"My dear Attorney:

"We wish to ratify our proposition made to you several days ago in the sense that the Travelers Indemnity Company (*sic*), will pay the value of the vehicle of Mr. José Cintrón by reason of the damages caused by a 'Metro' Taxi on February 11, 1948.

"We are willing to abide by the estimate of experts as to the value of the damaged vehicle.

"Very truly yours,
DARGAN & COMPANY, INC.
by, BENJ. ACOSTA."

suffered by plaintiff's automobile, the court likewise believes that plaintiff is entitled to recover the amount of $210 for the loss of use, that is, for the term of 21 days during which according to the evidence the automobile would have been under repair at the rate of $10 daily."

It is clearly visible that if the limit of liability of The Travelers Insurance Co., insurer of the damaged vehicle, was the sum of $1,000, the judgment against it could not have exceeded that amount. The judgment for $1,500 therefore is erroneous.

On the other hand, the findings of the lower court clearly show that it concluded that "the value of plaintiff's automobile shortly before the accident of February 11, 1948, was not over $1,500." Since judgment was rendered against the defendants, ordering them to pay $1,500 for damages, it could be inferred that its intention was to grant compensation for the total loss of the vehicle. Since we have repeatedly held that when in actions for damages the vehicle is totally destroyed the plaintiff is not entitled to recover for the loss of its use, it is clear that the lower court erred in fixing the compensation in the sum of $1,500 and in granting at the same time compensation for the loss of use. *Torres v. González*, 68 P.R.R. 43, 45. However, since in the decision of November 29, 1949, rendered on reconsideration it is stated that "The court did not adjudge that the amount of $1,500 which defendants were ordered to pay was compensation for the total destruction of the automobile because precisely the court made itself clear as to the fact that the automobile in question only suffered damages in the frame or chassis and that it did not suffer any mechanical damage", it may be clearly concluded that its purpose was merely to grant a partial compensation. However, if that was its intention we do not see how it could have fixed an award of $1,500, inasmuch as in its findings of facts it clearly says that that was the value of the automobile at the time of the accident.

As we said in *Torres* v. *González, supra,* on page 49, citing from Restatement of the Law, Torts, § 928, p. 658: *"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for (a) the difference between the value of the chattel. before the harm and the value after the harm* or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value after repairs, *and (b) the loss of use."* (Italics ours.) It is unquestionable in this case that the automobile was not repaired. Therefore applying the principles stated above to the situation of facts before us, the proper thing is to grant to the plaintiff by way of compensation "the difference between the value of the chattel before the harm and the value after the harm" plus "the loss of the use." The latter was fixed in the sum of $210. There only remains to be decided therefore the difference between the value of the automobile before the harm and immediately after the harm. The question is a simple one and in order to avoid delays we shall undertake to determine it.

At the commencement of the trial both parties stated to the lower court that they would only introduce evidence as to the damages, that everything else alleged in the complaint was accepted. We have already pointed out that the lower court concluded that the value of the automobile at the time of the accident was not over $1,500. We accept this conclusion as correct. We need only determine therefore which was the value of the vehicle immediately after the accident. Rafael Paoli, witness for the plaintiff, testified that the automobile in question at the time of the accident was worth from $2,300 to $2,500. That after the accident it was worth $500. Mateo Hernández Díaz stated that after the accident the vehicle was worth from $900 to $850. These were the only witnesses who testified on that point. In their brief the defendants state the following: "We honestly be-

lieve that the evidence introduced in the lower court supported a compensation between $800 and $1,000, but never of $1,500." We agree with defendants. Giving credit to the testimony of Paoli on this point, we reach the conclusion that the value of the vehicle immediately after the accident was $500. By virtue thereof plaintiff should be paid compensation for the sum of $1,000, that is, the difference between the value of the vehicle before the accident ($1,500) and its value immediately after ($500).

However, the defendants insist that according to the evidence and to the own admissions of the plaintiff, the Adjuster of both insurance companies involved in this case,[3] shortly after the accident offered to pay plaintiff the entire value of the damaged vehicle, for which reason they do not think it is reasonable that compensation for the loss of use be granted to a claimant who rejects shortly after the accident an offer to be paid the value of his vehicle at the time of the accident and that they are of the opinion that if such compensation is granted it would be equivalent to rewarding and compensating the obstinacy of the plaintiff. We accept such offer as true, as did the lower court.[4] However plaintiff was not bound to accept it and his refusal should not prejudice him. As we said in *Torres* v. *González, supra,* "when there is no total destruction, the plaintiff should be compensated for all the damages suffered by him. ... Under this last doctrine, the plaintiff apparently always receives for his vehicle a sum greater than that which he would have received if there had been a total destruction. But it might be said that this is a fallacy." This being so, the fact that plaintiff refused to receive from the defendants the total value of the vehicle should not militate against him.

The judgment should be modified by reducing the compensation for damages caused to plaintiff's automobile, to

[3] Plaintiff's vehicle was insured with another company.

[4] See paragraph 9 of the findings of facts of the lower court which are copied at the beginning of this opinion.

the sum of $1,000 and the liability of the insurance company, The Travelers Insurance Co., to $1,000. (The $210 for the loss of use of the automobile and the solidary award in cost, remain in force). As modified it will be affirmed.

